IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRACY LYNN MONCADA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1090-STE |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of | ) | |
| the Social Security | ) | |
| Administration | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Petition for Award of Attorney's Fees Under the Equal Access to Justice Act (EAJA). (ECF No. 22). Specifically, Plaintiff seeks an award of fees in the amount of $6,047.90. (ECF Nos. 22 & 23). Defendant objects to the amount of fee requested, arguing that it is unreasonable. (ECF No. 24). The Court **GRANTS** Plaintiff's Motion for fees in the amount of **$5,358.40.**

### I. ATTORNEY FEES AUTHORIZED UNDER EAJA—ENTITLEMENT AND REASONABLENESS

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)).[1] When

---

[1] Previously, this case was remanded following the Commissioner's unopposed Motion to Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF Nos. 19, 20, 21). With the reversal and remand, Ms. Moncada is considered the "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

evaluating a claim for attorney fees under EAJA, the court must first determine the number of hours reasonably spent by counsel for the prevailing party. *Malloy v. Monahan,* 73 F.3d 1012, 1017 (10th Cir. 1996). Factors considered in a reasonableness determination include: (1) the hours that would be properly billed to one's client in accordance with good "billing judgment," (2) time spent on specific tasks, and (3) duplication of efforts. *Malloy,* 73 F.3d at 1017–18. In exercising good billing judgment, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). The district court is obligated to exclude "hours not 'reasonably expended' from the calculation." *Malloy,* 73 F.3d at 1018. "The party seeking the award has the burden of persuading the court that the hours expended and the rate sought are both reasonable." *Id.*

## II. PLAINTIFF'S EXPENDITURE OF TIME AND THE COMMISSIONER'S OBJECTION REGARDING REASONABLENESS OF REQUESTED FEE

In litigating the appeal, Plaintiff requests fees for attorney work at the hourly rate of $197.00. (ECF No. 22, 22-1, 22-2). An award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). Ms. Moncada has requested an upward adjustment of the statutory rate for attorney fees and has provided supporting documentation in the form of a letter dated February 9, 2018, from the Office of the General Counsel of the Social Security Administration. (ECF No. 22-1). This letter shows that for 2017 and 2018, the authorized maximum hourly rate for attorney work in Oklahoma was $197.00. (ECF No. 22-1). Thus, Ms. Moncada is entitled to an upward

adjustment of the hourly attorney fee consistent with the evidence provided.

Defendant has not objected to the hourly rate of $197.00. *See* ECF No. 24. Therefore, based on the evidence provided and the lack of objection from Ms. Berryhill, the Court concludes that the hourly rate is reasonable. Thus, the only remaining issue is the amount of fee to be awarded for work performed by Plaintiff's attorney.

Ms. Moncada's attorney seeks recovery for 30.7 hours of work and Defendant objects, arguing that the amount should be reduced by 7 hours, for a total compensable amount of 23.7 hours. (ECF No. 24:3-7). Defendant's argument for a reduction in number of hours billed is based on a contention that Plaintiff's strategy and arguments in his opening brief are virtually identical to arguments which Plaintiff's counsel has previously argued in four other cases, two of which were filed in this Court. (ECF No. 24:3-7). Ms. Berryhill has documented the duplicated efforts in a chart, outlining particular arguments raised in Ms. Moncada's Opening Brief and comparing them to arguments raised in other cases. *See* ECF No. 17-1090. An independent review of the cases filed in this Court does reflect a duplication of efforts as outlined by Ms. Berryhill. Accordingly, the Court believes that a reduction in fees is appropriate.

### III. TOTAL AMOUNT OF RECOVERABLE FEE

Plaintiff has requested a total fee award in the amount of $6,047.90, for 30.7 hours of attorney work performed in 2017 and 2018 at the hourly rate of $197.00. (ECF Nos. 22, 22-2). The Court finds that the hourly rate requested is reasonable, but that a 3.5 hour reduction is warranted based on the duplication of efforts in other, similar cases before this Court. Accordingly, the Court concludes that Plaintiff is entitled to a total award

of attorney fees under the EAJA in the amount of **$5,358.40.** Said fee is payable to the Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**ORDER**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act in the amount of **$5,358.40.**

ENTERED on October 19, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE